### WINKLER & McQUEEN, Inc., v. STATE.

No. 22130. March 13, 1934.

Sandlin & Winans, for plaintiff in error.

Jerome Sullivan, Co. Atty., and Arthur J. Marmaduke, Asst. Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal by Winkler & McQueen, Inc., a corporation, from a judgment of the county court of Stephens county in a tax ferret proceeding instituted before the county treasurer for the purpose of having placed upon the tax rolls, as omitted property for the years 1927, 1928, 1929, and 1930, one rotary drilling rig and one joint of casing of the agreed value of $2,500 belonging to said corporation. The county treasurer ordered the property assessed on an ad valorem basis as omitted property. An appeal was taken to the county court, resulting in a judgment for the state, and the protestant appealed to this court.

Herein it is contended that the property was used for each of the said years in the operation of oil and gas wells and in the production of oil and gas from wells owned by said corporation, and that the property was not subject to ad valorem taxation under the provisions of section 12434, O. S. 1931, because gross production tax was paid on all oil produced from the premises.

The testimony showed that the drilling rig was used in the drilling of two wells during three years; that it was used only for drilling and deepening wells, and that it was not used for pumping oil from wells. It was not "machinery, appliances and equipment used in and around any oil well producing petroleum or other crude or mineral oil or natural gas." It was not "actually used in the operation of such well or mine." Drilling a well is not operating a well producing oil or gas. Such machinery is not within the provisions of section 12434, supra.

In Re Gross Production Tax of Wolverine Oil Co., 53 Okla. 24, 154 P. 362, this court, in construing this particular provision of the statute, said:

"The equipment and machinery referred to is confined to that used in the actual operation of producing wells, hence does not include equipment and machinery on hand, and not so used."

See, also, Board of Equalization of Carter County v. Carter Oil Co., 152 Okla. 99, 3 P. (2d) 816, and In re Assessment of Omitted Property of Prairie Oil & Gas Co., 159 Okla. 181, 13 P. (2d) 580.

The property in controversy was subject to ad valorem taxation for the several years in question and was lawfully placed on the tax rolls as omitted property. The county court committed no error in so holding.

The judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and WELCH, JJ., concur.